IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY MARSHALL, #183-459, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-16-814 |
| R.S. RODERICK, et al., | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

Gregory Marshall, a Maryland Division of Correction prisoner housed at North Branch Correctional Institution, seeks injunctive relief against Division of Correction ("DOC") personnel at his present place of confinement, North Branch Correctional Institution (NBCI"). Marshall alleges that when he completes a 45-five day disciplinary lock-up imposed effective February 19, 2016, he will be moved to administrative segregation housing. He argues that after this move, he should be provided a single cell because known enemies at NBCI or their affiliates may wish to cause him harm. (ECF 1) In addition to the complaint, Marshall provides a motion for leave to proceed in forma pauperis. (ECF 2).

Marshall, a self-represented litigant who has repeatedly filed complaints subject to dismissal under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), is barred generally from civil filings under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).[1] For reasons to follow, dismissal of the complaint without prejudice is appropriate under the "three strikes" provision.

---

[1] *See Marshall v. Lanham*, No. AW-97-990 (D. Md. 1997); *Marshall v. Corr. Center of Howard Cnty.*, No. AW-97-2536 (D. Md. 1997); and *Marshall v. Kemmerer*, No. AW-02-2133 (D. Md. 2003).


## Analysis

Because Marshall has "three strikes" under the PLRA, he is not permitted to file a civil action unless he pays the full filing fee or proves he is under imminent danger of serious physical injury. Marshall has not paid the filing fee. Aside from his self-serving and speculative claim that he may be injured if not provided a single cell, Marshall does not demonstrate that he is in imminent danger of serious physical harm.

Federal courts have long recognized that the grant of interim equitable relief is an "extraordinary remedy involving the exercise of a very far-reaching power." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). A plaintiff seeking such relief must establish that he is "likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. National Resource Defense Council, Inc.*, 555 U.S. 7, 20 (2008). All four of these requirements must be established in dependently before injunctive relief can be granted. *See The Real Truth About Obama, Inc., v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

The second *Winter* factor is dispositive here: Marshall has not demonstrated that defendants are unaware of his known enemies and are likely to assign him a cell with those enemies or their associates. On the contrary, plaintiff indicates in his complaint that prison personnel have listed ten enemies with whom he cannot be housed, including David Patrick, the individual about whom plaintiff expresses concern. (ECF 1 at pp. 1-2). Although the court could resolve Marshall's request for a TRO on the basis of the second *Winter* factor alone, Marshall has also failed to satisfy at least one of the other three factors.

Marshall has not demonstrated that he is likely to succeed on the merits, given his admission that prison personnel are aware of his enemies (and will almost certainly house him with that information in mind). It would offend due process were the court to wield its equitable power under these circumstances; it declines to do so.

For these reasons, a separate order shall be entered denying in forma pauperis status and dismissing the case without prejudice.[2]

Date: June 8, 2016                            _____/S/_____
                                             Catherine C. Blake
                                             United States District Judge

---

[2] Marshall may of course refile the action and pay the full $400 filing fee at the time of filing.